UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. HOLMES, | ) | |
| | ) | |
| Petitioner, | ) | 19 C 50154 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DONALD HUDSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

A Western District of Missouri jury convicted Christopher M. Holmes of several crimes
stemming from his involvement in a cocaine distribution ring. Two prior Illinois drug
convictions resulted in a statutory minimum sentence of life imprisonment. Holmes
unsuccessfully sought relief on direct appeal and under 28 U.S.C. § 2255. Now imprisoned at
USP Thomson in this District and representing himself, Holmes seeks habeas relief under 28
U.S.C. § 2241, arguing under *Mathis v. United States*, 136 S. Ct. 2243 (2016), that his two prior
drug convictions did not properly subject him to a minimum life term. Docs. 1, 3, 19, 41. The
petition is granted, and Holmes is entitled to be resentenced.

## Background

The jury found Holmes guilty of, among other things, conspiracy to distribute 5
kilograms or more of cocaine, to manufacture 280 grams or more of cocaine base, and to
distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Doc. 17-4 at 1.
At the time, the § 846 charge carried a maximum penalty of life imprisonment, and, for persons
with one or two prior convictions for a "felony drug offense," a minimum sentence of twenty
years and life imprisonment, respectively. 21 U.S.C. § 841(b)(1)(A) (2012). Before trial, the

Government filed an information under 21 U.S.C. § 851, notifying Holmes that it was seeking a mandatory life sentence as a result of two prior Illinois convictions for possession of a controlled substance under 720 ILCS 570/402(c), and possession of a controlled substance with intent to deliver under 720 ILCS 570/401(d). Docs. 17-1, 17-2, 17-3. The district court found that the § 851 enhancement applied and imposed a life sentence. Doc. 1 at 2.

On appeal, Holmes argued, among other things, that the district court wrongly admitted under Evidence Rule 404(b) evidence of his prior criminal convictions and that his presentence investigation report's failure to identify life imprisonment as a possible sentence made it an error for the district court to impose that sentence. *United States v. Horton*, 756 F.3d 569 (8th Cir. 2014). The Eighth Circuit affirmed. *Ibid*. Holmes then sought § 2255 relief on several grounds, including that the two Illinois convictions predicating his mandatory life term should have been pleaded and found beyond a reasonable doubt by the jury. Docs. 17-4, 17-5. The Western District of Missouri denied his § 2255 motion. Docs. 17-6, 17-7, 17-8.

Holmes now seeks habeas relief under 28 U.S.C. § 2241. Doc. 1. He contends, citing *Mathis*, that his Illinois convictions do not qualify as "felony drug offense[s]" under the then-applicable version of § 841(b)(1)(A) and therefore that they could not have predicated a mandatory life term. Doc. 3 at 4-9; Doc. 19 at 3-6. If Holmes is right, he is entitled to resentencing because he should not have faced a mandatory life term.

### Discussion

Holmes's § 2241 petition faces two hurdles. First, as a threshold matter, he must satisfy the requirements of § 2255(e) before he can even pursue relief under § 2241. Second, on the merits, he must show that at least one of his Illinois convictions does not qualify as a predicate "felony drug offense" under § 841(b)(1)(A).

2

## I.      Section 2255(e) Savings Clause

Section 2255 as a general rule "is the exclusive means for a federal prisoner to attack his conviction."  *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  An exception set forth in § 2255(e), known colloquially as the savings clause, provides that a federal prisoner may seek habeas relief under § 2241 if § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention."  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Analysis under § 2255(e) ordinarily begins with a choice-of-law issue: To determine whether a § 2255 remedy is "inadequate or ineffective," does the court apply the law of the circuit of conviction (here, the Eighth Circuit) or of the circuit of confinement (here, the Seventh Circuit)?  That issue is often important because the circuits are divided on the question whether a statutory holding, such as the one handed down in *Mathis*, can predicate application of the § 2255(e) savings clause.  *See id*. at 864 n.1 (Barrett, J., concurring) (citing cases on both sides).  Seventh Circuit precedent answers that question in the affirmative, *see id*. at 856, while Eighth Circuit precedent appears to answer the question in the negative, *see Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).

The Warden's concessions make it unnecessary to decide the choice-of-law issue here.  For starters, the Warden submits that both Seventh Circuit and Eighth Circuit precedent allows prisoners to satisfy the § 2255(e) savings clause by invoking statutory holdings.  Doc. 17 at 6.  On top of that, the Warden urges this court to follow the choice-of-law rules set forth in *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019), which holds that the circuit of confinement's law governs application of § 2255(e) and, if the petitioner qualifies under the savings clause, the circuit of conviction's law governs the merits of the § 2241 petition.  Doc. 17 at 4-5 n.2.

Given those concessions, the question here is whether Holmes qualifies under the § 2255(e) savings clause as understood by the Seventh Circuit.  In *Worman v. Entzel*, 953 F.3d

1004 (7th Cir. 2020), the court held that a petitioner must meet three conditions to satisfy § 2255(e). First, the petitioner "must seek relief based on a decision of statutory interpretation." *Id*. at 1008. Second, "the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion." *Ibid*. Third, "the failure to afford the [petitioner] collateral relief would amount to an effort grave enough to constitute miscarriage of justice." *Ibid*. (internal quotation marks omitted).

The first requirement is easily met, as *Mathis* is a statutory interpretation decision. So, too, is the third requirement, as the Seventh Circuit has held that the wrongful application of a mandatory minimum sentence amounts to a miscarriage of justice. *See Chazen*, 938 F.3d at 853 (citing *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)); *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019). That leaves the question whether Holmes has shown under the second requirement that he could not have pressed a *Mathis*-type claim in his § 2255 motion and that *Mathis* applies retroactively to cases on collateral review.

*Mathis* resolved a circuit split over how to decide which prior state convictions qualify as predicate "violent felony" offenses—*e.g.*, "burglary, arson, or extortion"—sufficient to trigger the 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). 136 S. Ct. at 2247-48. The Supreme Court held that one of two approaches governs, with the choice depending on the nature of the state statute under which the defendant was previously convicted. Under the "categorical approach," which applies when the state statute is indivisible—that is, when it sets out a single set of elements to define a single crime, listing alternative factual "means" of committing the crime—the court's sole task is to line up the state crime's elements alongside those of the generic offense (*e.g.*, burglary) and see if they "match." *Id*. at 2248-49, 2253. To produce a "match," the elements of the state crime must be

4

"the same as, or narrower than," those of the generic offense. *Id*. at 2247. By contrast, under the "modified categorical approach," which applies when the state statute is divisible—that is, when it sets forth one or more elements in the alternative, each forming a separate offense—the court consults state charging or sentencing documents to ascertain which state crime the defendant actually committed and to determine whether that crime's elements match those of the generic offense. *Id*. at 2249, 2253-54.

According to Holmes, *Mathis* disqualifies his Illinois drug convictions from being used as predicate offenses under § 841(b)(1)(A). As he sees it, the categorical approach applies because the pertinent Illinois statutes are indivisible, and his convictions do not qualify as predicate offenses because both statutes prohibit conduct that federal law does not. Doc. 3 at 4-9.

The Warden argues that Holmes could have pressed this challenge in his § 2255 motion—and if that argument is correct, Holmes does not satisfy the second requirement of the Seventh Circuit's § 2255(e) test. The Warden first submits that the rule set forth in *Mathis* was not "new," as it reflected longstanding Supreme Court precedent, and therefore that nothing stopped Holmes from making a *Mathis*-like argument under § 2255. Doc. 17 at 8-9. That contention cannot be squared with the Seventh Circuit's recent holding that *Mathis* "fits the bill" as a "new" rule that may be invoked under § 2241 as an "intervening case of statutory interpretation [that] opens the door to a previously foreclosed claim." *Chazen*, 938 F.3d at 862.

The Warden argues in the alternative that Holmes fails to identify binding precedent at the time of his § 2255 motion that would have foreclosed a *Mathis*-like challenge. Doc. 17 at 9. Evaluating that argument turns on whether Holmes could have raised such a challenge in the Eighth Circuit at that time. *See Chazen*, 938 F.3d at 862-63 (looking to the circuit of

conviction's law to determine whether an argument was available to a § 2241 petitioner at the time he sought § 2255 relief). He could not have done so. As the Seventh Circuit recently held, *Mathis*-like arguments were "futile" in the Eighth Circuit before the Supreme Court—reversing the Eighth Circuit, incidentally—decided *Mathis*. *Id*. at 863; *see also United States v. Hawkins*, 548 F.3d 1143, 1150 (8th Cir. 2008) (holding that possession of a controlled substance under 720 ILCS 570/402(c)—one of Holmes's two prior drug offenses—qualified as a predicate offense under § 841(b)(1)(A)).

The remaining question for purposes of the second requirement is whether *Mathis* applies retroactively on collateral review. In *Chazen*, the Seventh Circuit all but confirmed that it does. Although the warden in *Chazen* conceded that *Mathis* applies retroactively, the Seventh Circuit observed that its precedents "likewise suggested" as much. 938 F.3d at 861; *see Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively on collateral review."). And in this court's independent judgment, *Mathis* is retroactive on collateral review because, by disallowing the use of certain prior convictions as sentence-enhancing predicates, it is a substantive rule "prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 136 S. Ct. 718, 728-29 (2016) (internal quotation marks omitted); *see Holt*, 843 F.3d at 722 (citing *Montgomery* to support the observation that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review").

## II.    Merits

Because Holmes qualifies under the § 2255(e) savings clause, the court proceeds to the merits of his § 2241 petition. As noted, Holmes was subjected to a mandatory term of life imprisonment under § 841(b)(1)(A) due to two predicate drug offenses. The Warden concedes that the possession of a controlled substance offense under 720 ILCS 570/402(c) does not qualify

as a § 841(b)(1)(A) predicate under *Mathis*, and therefore that Holmes—assuming, as the court held above, that he satisfies the § 2255(e) safety valve— is entitled under § 2241 to resentencing without application of the statutory minimum term of life imprisonment. Doc. 17 at 10, 14-15. Holmes therefore prevails on the merits.

## Conclusion

Holmes's § 2241 petition is granted. Because Holmes was improperly subjected to a mandatory minimum term of life imprisonment, he is entitled to be resentenced. The resentencing shall take place in the Western District of Missouri. *See Webster v. Daniels*, 784 F.3d 1123, 1146 (7th Cir. 2015) (en banc). It is open to the resentencing court to decide whether Holmes's other prior drug conviction—possession of a controlled substance with intent to deliver under 720 ILCS 570/401(d)—qualifies as a predicate offense under the applicable version of § 841(b)(1)(A).

September 15, 2020

_____
United States District Judge